UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20358-CR-GAYLES

UNITED STATES OF AMERICA,

vs.

CARLOS ARNOLDO LOBO, *et. al.*,

        Defendants.

_____/

## UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE

The United States of America (hereinafter, the "United States" or the "Government") hereby moves for entry of a preliminary order of forfeiture pursuant to Rule 32.2(b)(2)(A) of the Federal Rules of Criminal Procedure and says the following in support of its motion

1. On November 7, 2013, a federal grand jury returned a four (4)-count superseding true bill of indictment (D.E. 8) (hereinafter, the "Superseding Indictment") charging the defendant, **CARLOS ARNOLDO LOBO**, with, among other things, a violation of Title 21, United States Code, Sections 963 (Count 1).

2. The Superseding Indictment further alleges that upon conviction the defendant shall forfeit to the United States any property constituting or derived from any proceeds which the defendant obtained, directly or indirectly, as the result of such violations, and any property which the defendant used or intended to be used in any manner or part to commit or to facilitate the commission of such violation pursuant to Title 21, United States Code, Section 853.

3. On September 5, 2014, the defendant pleaded guilty to Count 1 of the Superseding Indictment (D.E. 8).

4. On December 9, 2014, a sentencing hearing was held at which the defendant admitted that the following personal property was subject to criminal forfeiture pursuant to Title 21, United States Code, Section 853, and therefore agreed to forfeit it to the United States as part of sentence in the instant case: One (1) 2006 58´ Sedan Bridge Yacht (H.I.N. SERY1388D606) with Honduran Registration "U3208380," to Include Two (2) Man Inboard Diesel Engines Mode 2848LE420 T-861, all inventory, and all personal effects (hereinafter collectively referred to as the "Property").

5. Rule 32.2(b)(1)(A)-(B) of the Federal Rules of Criminal Procedure provides that:

> [a]s soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay -- [t]he court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the Court as relevant and reliable.

6. Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure provides that if the Court finds that property is subject to forfeiture:

> it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

7.  Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure provides that:

    [t]he entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights. The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.

8.  Rule 32.2(b)(4)(A)-(B) of the Federal Rules of Criminal Procedure provides:

    [a]t sentencing – or at any time before sentencing if the defendant consents – the preliminary forfeiture order becomes final as to the defendant. If the order directs the defendant to forfeit specific property, it remains preliminary as to third parties until the ancillary proceeding is concluded under Rule 32.2(c) . . . [t]he court must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing. The court must also include the forfeiture order, directly or by reference, in the judgment, but the court's failure to do so may be corrected at any time under Rule 36. Therefore, as the result of the defendant pleading guilty of the Indictment, the United States has established the requisite nexus between the property and the offenses to which the defendant has pleaded and has been found guilty.

Therefore, as a result of the defendant pleading guilty to Count 1 of the Superseding Indictment, admitting that the Property is subject to criminal forfeiture pursuant to Title 21, United States Code, Section 853, and agreeing to forfeit the Property to the United States as part of sentence in the instant case, the United States has establish the requisite nexus between the Property and the offense to which the defendant has pleaded and has been found guilty.

In accordance with Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, and the applicable provisions of Title 21, United States Code, Section 853, the form of the order submitted herewith provides for the forfeiture of the Property, for the inclusion of the order of forfeiture as part of defendant's sentence and the Judgment in this criminal case, for publication of the order of forfeiture, for the institution of discovery by the United States in order to locate the Property, if

necessary, and/or to expedite ancillary proceedings for the adjudication of third party petition claims, if any, and for the final forfeiture of the Property, if no petitions are filed.

## CONCLUSION

Accordingly, based upon the foregoing, and other matters of record in this cause, the United States requests that the Court enter its proposed preliminary order of forfeiture pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure thereby forfeiting the Property and providing for further proceedings as may be necessary to effect entry of a final order of forfeiture in accordance with Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure.  A Proposed Order is submitted herewith.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:  s/*Daren Grove*
Daren Grove (Court No. A5501243)
Assistant United States Attorney
E-mail: daren.grove@usdoj.gov
99 NE 4th Street - 7th Floor
Miami, Florida 33132
Telephone: (305) 961-9294
Facsimile: (305) 536-7599

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 17, 2014, the undersigned electronically filed the foregoing document, with the Clerk of the Court using CM/ECF.

s/*Daren Grove*
Daren Grove
Assistant United States Attorney