UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20358-CR-GAYLES

UNITED STATES OF AMERICA,

vs.

CARLOS ARNOLDO LOBO, *et. al.*,

Defendants.
_____/

## PRELIMINARY ORDER OF FORFEITURE

THIS CAUSE is before the Court upon motion of the United States (hereinafter, the "United States" or the "Government") for entry of a Preliminary Order of Forfeiture. Being fully advised in the premises the Court finds as follows:

1. On November 7, 2013, a federal grand jury returned a four (4)-count superseding true bill of indictment (D.E. 8) (hereinafter, the "Superseding Indictment") charging the defendant, **CARLOS ARNOLDO LOBO**, with, among other things, a violation of Title 21, United States Code, Sections 963 (Count 1).

2. The Superseding Indictment further alleges that upon conviction the defendant shall forfeit to the United States any property constituting or derived from any proceeds which the defendant obtained, directly or indirectly, as the result of such violations, and any property which the defendant used or intended to be used in any manner or part to commit or to facilitate the commission of such violation pursuant to Title 21, United States Code, Section 853.

3. On September 5, 2014, the defendant pleaded guilty to Count 1 of the Superseding Indictment (D.E. 8).

4.      On December 9, 2014, a sentencing hearing was held at which the defendant admitted that the following personal property was subject to criminal forfeiture pursuant to Title 21, United States Code, Section 853, and therefore agreed to forfeit it to the United States as part of sentence in the instant case: One (1) 2006 58′ Sedan Bridge Yacht (H.I.N. SERY1388D606) with Honduran Registration "U3208380," to Include Two (2) Man Inboard Diesel Engines Mode 2848LE420 T-861, all inventory, and all personal effects (hereinafter collectively referred to as the "Property").

Therefore, as a result of the defendant pleading guilty to Count 1 of the Superseding Indictment, admitting that the Property is subject to criminal forfeiture pursuant to Title 21, United States Code, Section 853, and agreeing to forfeit the Property to the United States as part of sentence in the instant case, the United States has establish the requisite nexus between the Property and the offense to which the defendant has pleaded and has been found guilty.

WHEREFORE, upon motion of the United States, and for good cause shown thereby, it is hereby **ORDERED** that,

1.      The United States' Motion for Preliminary Order of Forfeiture is **GRANTED**;

2.      The Property is forfeited to the United States of America pursuant to Title 21, United States Code, Section 853;

3.      The Department of Homeland Security, or any duly authorized law enforcement agency, shall seize and take custody of the Property pursuant to Title 21, United States Code, Section 853(g);

4.      The United States shall publish notice of this Preliminary Order of Forfeiture in accordance with Rule 32.2(b)(6) of the Federal Rule of Criminal Procedure;

5. The United States shall provide, to the extent practicable, direct written notice to any person known to have an alleged interest in the Property, in addition to the published notice;

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture shall become final as to the defendant's interest at the time of his sentence and shall be made a part of the defendant's sentence and shall be included in the Judgment in this case;

7. The United States is further authorized, pursuant to Title 21, United States Code, Section 853(m) and Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure, to conduct any discovery necessary in accordance with the Federal Rules of Civil Procedure, including depositions, to identify, locate or dispose of the Property in order to expedite ancillary proceedings related to any third party petition claims filed with respect to the property.

It is further,

ORDERED that upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture in which all interests will be addressed. If no claims are filed within thirty (30) days of the final publication of notice or the receipt of actual notice, whichever is earlier, then, pursuant to Rule 32.2(c)(2), this Preliminary Order of Forfeiture shall be deemed a Final Order of Forfeiture, and Department of Homeland Security, or any duly authorized law enforcement agency, shall dispose of the Property according to law.

DONE AND ORDERED at Miami, Florida this 8th day of January 2015.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE