```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA
                           MIAMI DIVISION
                    CASE NO. 11-20358-CR-GAYLES


  UNITED STATES OF AMERICA,         Miami, Florida

              Plaintiff,            December 9, 2014

  vs.                               10:00 a.m. to 10:10 a.m.

  CARLOS ARNOLDO LOBO,              Pages 1 to 10

              Defendant.
  _____

                        SENTENCING HEARING
               BEFORE THE HONORABLE DARRIN P. GAYLES
                   UNITED STATES DISTRICT JUDGE

  APPEARANCES:


  FOR THE GOVERNMENT:      KURT LUNKENHEIMER, ESQ.
                           DARREN GROVE, ESQ.
                           UNITED STATES ATTORNEY'S OFFICE
                           99 Northeast Fourth Street
                           Miami, Florida 33132


  FOR THE DEFENDANT:       LOUIS CASUSO, ESQ.
                           111 NE 1st St #603
                           Miami, FL 33132


  FOR U.S. PROBATION:      BRAN ALVARADO, USPO
                           RISELDA RUIZ, USPO


  STENOGRAPHICALLY REPORTED BY:

                           PATRICIA DIAZ, FCRR, RPR, FPR
                           Official Court Reporter
                           United States District Court
                           400 North Miami Avenue
                           11th Floor
                           Miami, Florida 33128
                           (305) 523-5178
```

1            (Call to the order of the Court)

2            THE COURT:  Please be seated.

3            COURTROOM DEPUTY:  Calling United States versus Carlos

4   Arnoldo Lobo, 11-CR-20358.  Counsel, please make your

5   appearance for the record.

6            MR. LUNKENHEIMER:  Good morning, Your Honor, Kurt

7   Lunkenheimer on behalf of the United States.  With me at

8   counsel table is my colleague, fellow AUSA Darren Grove.

9            MR. CASUSO:  Good morning, Your Honor, Luis Casuso on

10  behalf of Carlos Lobo, who is present before the Court with the

11  aid of the interpreter for sentencing.

12           THE COURT:  All right.  Good morning.

13           Your appearance, please.

14           THE PROBATION OFFICER:  Good morning, Your Honor, Bran

15  Alvarado here for U.S. Probation.

16           MS. RUIZ:  And Riselda Ruiz for Probation.

17           THE COURT:  All right.  We are here for sentencing.

18           Let's see.  Are there any outstanding issues before we

19  proceed?

20           There was an objection that was resolved.

21           MR. CASUSO:  Judge, we had a very slight objection and

22  it was only to the time that he had already served in Honduras

23  and that's been straightened out so we have no problems

24  whatsoever with the PSI.

25           THE COURT:  Okay.

1          MR. LUNKENHEIMER:  The same with the Government, Your
2     Honor, No issues that remain outstanding.
3          THE COURT:  Okay.  So it appears Mr. Lobo has a total
4     offense level of 38, a criminal history category of 1.  The
5     advisory guideline range is 235 months to 293 months.
6          What is the Government's recommendation as to
7     sentencing?
8          MR. LUNKENHEIMER:  Your Honor, I believe -- we do have
9     a joint recommendation for the Court between both parties.  The
10    Government, the defense counsel, and the defendant are
11    recommending a sentence of 240 months or 20 years, which is in
12    the low end of the guideline range, which is also pursuant to
13    the plea agreement.
14         Your Honor, the Government thinks this sentence is
15    appropriate based on the defendant's involvement in a
16    large-scale maritime drug trafficking organization operating on
17    the eastern coast of Honduras near La Ceiba, Honduras.
18         He was the owner and operator of several dozen vessels
19    that were engaged in commercial fishing, but those vessels were
20    outrigged or outfitted so that they could partake in smuggling
21    drugs from Colombia, Venezuela, Ecuador to Central America,
22    including Panama, Honduras, Guatemala, and that they were
23    ultimately then transferred from there either to Mexico
24    direct -- through Mexico, but ultimately to the United States.
25         So, Your Honor, based on his activities in these

1    crimes, the plea agreement between the parties, we think the

2    appropriate sentence is the joint recommendation of 240 months.

3            THE COURT:  All right.  Anything you want to add,

4    Mr. Casuso?

5            MR. CASUSO:  We agree, Judge.

6            THE COURT:  Is there anything Mr. Lobo wants to say

7    before I impose sentence?

8            MR. CASUSO:  Judge, he asked me to speak for him.

9            THE COURT:  Okay.

10           MR. CASUSO:  He is -- he wants to ask forgiveness from

11   the members of his family for putting them through this.  He is

12   sorry for what he has done and he can assure the Court that it

13   won't happen again.

14           He has learned his lesson, so we ask that the Court

15   follow the joint recommendation.

16           I also have to put on something else on the record as

17   far as of forfeiture right that the Government wants me to put

18   on, which is we are -- pursuant to the plea agreement, we are

19   forfeiting -- I have to put the description.  It's a 2006,

20   58-foot Sedan Bridge yacht with hull identification number

21   SERY1388D606, of Honduran registration U3208380, and includes a

22   two-man inboard diesel engines model 2848 LE, 420T861, all

23   equipment and inventory and personal effects.

24           Mr. Lobo bought that yacht in Honduras utilizing funds

25   which were derived from the criminal enterprise, and we have

```
 1   agreed to forfeit that vessel to the Government pursuant to the
 2   plea agreement.
 3            THE COURT:  Okay.
 4            All right.  If you don't mind, I just like to ask
 5   Mr. Lobo if he understands the agreement.
 6            Mr. Lobo, would you please raise your right hand and be
 7   sworn?
 8            (The defendant, Carlos Arnoldo Lobo, was duly sworn.)
 9            THE DEFENDANT:  I swear.
10            THE COURT:  All right.  Mr. Lobo, as we discussed at
11   your change of plea hearing, the maximum amount of time that
12   you could receive for Count 1, which is the count that you
13   entered the guilty plea to is life imprisonment.
14            Do you understand that?
15            THE DEFENDANT:  Correct.
16            THE COURT:  And the advisory guideline range pursuant
17   to the guidelines is 235 months to 293 months.
18            Do you understand that as well?
19            THE DEFENDANT:  Correct.
20            THE COURT:  Your attorneys advise me that you and the
21   Government have agreed to a sentence or agreed to recommend a
22   sentence of 240 months and forfeiture of the vessel that your
23   attorney just described.
24            Do you understand that as well?
25            THE DEFENDANT:  Correct.
```

1          THE COURT:  And are you in agreement with that
2    recommendation?
3          THE DEFENDANT:  Correct.
4          THE COURT:  All right.  Your attorney just obviously
5    relayed the message that you wanted to make, and that's fine
6    and I will accept the recommendation of 240 months.
7          Is there anything else you want to say here today or
8    are you fine with your attorney speaking on your behalf?
9          THE DEFENDANT:  That's correct.
10         THE COURT:  Okay.
11         All right.  The Court having considered the statements
12   of all the parties, the presentence report, which contains the
13   advisory guidelines and the statutory factors as set forth in
14   Title 18, United States Code, Section 3553(a), the Court finds
15   that a sentence at the low end of the advisory guideline range
16   is sufficient to deter further recidivism and to meet the
17   statutory requirements.
18         It is a finding of the Court that the defendant is not
19   able to pay a fine at this time.  It is the judgment of the
20   Court that the defendant, Carlos Arnoldo Lobo, is committed to
21   the Bureau of Prisons to be imprisoned for 240 months as to
22   Count 1.
23         Upon his release from imprisonment, the defendant shall
24   be placed on supervised release for a term of five years.
25         Within 72 hours of release, the defendant shall report

1   in person to the probation office in the district where

2   released.  While on supervised release, the defendant shall not

3   commit any crimes.  He shall be prohibited from possessing a

4   firearm or ammunition or other dangerous devices.  He shall not

5   possess a controlled substance.  He shall cooperate in the

6   collection of DNA and shall comply with the standard conditions

7   of supervised release, including the following special

8   condition:

9         He shall surrender to Immigration for removal after

10  imprisonment as noted in Part G of the presentence report, so

11  long as the Government has initiated removal proceedings.

12        While incarcerated or after his release, as a condition

13  the defendant shall obtain his GED or other high school

14  equivalency, and the defendant shall pay immediately to the

15  United States a special assessment of $100.

16        Therefore, in sum, his total sentence is 240 months of

17  imprisonment, followed by five years supervised release with

18  the standard and special conditions articulated by the Court,

19  and a $100 special assessment.

20        Forfeiture of the defendant's right, title and interest

21  in the property previously discussed here in Court are hereby

22  ordered consistent with the plea agreement.  The United States

23  shall submit a proposed order of forfeiture within three days

24  of this proceeding.

25        Now that sentencing has been imposed, does counsel or

1    the defendant object to the Court's findings of fact or the

2    manner in which sentence was pronounced?

3            MR. CASUSO:  No, Your Honor.

4            THE COURT:  Do you have any recommendations as to

5    housing?

6            MR. CASUSO:  Yes, sir, Coleman in Florida so that he

7    can be visited by his family.  Also, because this is an

8    extradition case, Your Honor, we would ask that you include

9    credit for time served from March 27th, 2014.  That's the

10   agreed-upon date in the JNC so that the BOP has no problems

11   calculating that.

12           THE COURT:  Does the Government object to the defendant

13   receiving credit from March 27th, 2014?

14           MR. LUNKENHEIMER:  No, Your Honor.  I confirmed with

15   the agents and that was his arrest date in Honduras.

16           THE COURT:  Okay.  So the defendant will receive credit

17   from that date, and the Court will recommend that he be housed

18   in South Florida so long as the qualifies.

19           MR. CASUSO:  Thank you, Your Honor.

20           THE COURT:  Mr. Lobo, you have the right to appeal your

21   sentence, unless you waived that right pursuant to your plea

22   agreement.

23           Any notice of appeal must be filed within 14 days after

24   entry of the judgment.  If you are unable to pay the cost of an

25   appeal, you may apply for leave to appeal in forma pauperis.

```
1                  Anything else from the Government?
2                  MR. LUNKENHEIMER:  Yes, Your Honor.
3                  At this time, pursuant to the plea agreement, we will
4     dismiss all the remaining counts against the defendant in the
5     superseding indictment, and with an abundance of caution
6     dismiss the indictment against him.
7                  THE COURT:  All right.  The motion is granted.
8                  Anything else, sir?
9                  MR. CASUSO:  No, sir.
10                 THE COURT:  All right.  We will be in recess.
11                 (Proceedings were concluded at 10:10 a.m.)
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                      C E R T I F I C A T E

 2

 3             I hereby certify that the foregoing is an

 4    accurate transcription of the proceedings in the

 5    above-entitled matter.

 6

 7

 8
      June 16, 2021           /s/Patricia Diaz
 9    DATE                    PATRICIA DIAZ, FCRR, RPR, FPR
                              Official Court Reporter
10                            United States District Court
                              400 North Miami Avenue, 11th Floor
11                            Miami, Florida 33128
                              (305) 523-5178
12

13

14

15

16

17

18

19

20

21

22

23

24

25
```